IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSÉ "JOE" M. LOPEZ D/B/A MAZZ | § | |
| | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| ANNA LISA GONZALEZ | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff, José "Joe" M. Lopez d/b/a Mazz, and brings this action to enjoin Defendant's, Anna Lisa Gonzalez, unauthorized use of Lopez's trademark and business name, Mazz. Plaintiff seeks preliminary and permanent injunctive relief and damages under the laws of the United States and the State of Texas; and alleges on knowledge as to himself and his own acts, and on information and belief on all other matters, as follows:

## I. BACKGROUND AND INTRODUCTION

1.      This is an action at law and equity for trademark infringement and dilution, false designation of origin, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. ("Lanham Act") and the anti-dilution laws of the State of Texas and the common law.

2.      Plaintiff, José "Joe" M. Lopez d/b/a Mazz, is a Tejano singer, songwriter, and performer. In 1978, he founded the Grammy-award winning Tejano band, Mazz, a/k/a Grupo Mazz. During his tenure as the lead singer and frontman of Mazz, the group became one of the most popular and best selling Tejano musical acts— particularly known for its innovative form of Tejano cumbia.

1

3. Defendant, Anna Lisa Gonzalez, is the alleged widow of a former Mazz band member, Jimmy Gonzalez. Mr. Gonzalez is deceased, and his date of death is June 6, 2018. Upon information and belief, Mr. Gonzalez died intestate, and his Estate has not been probated. Regardless, Mr. Gonzalez had no proprietary rights in or to the name or mark Mazz preceding his death, and he neither sought nor secured a trademark for Mazz.

4. Plaintiff received a registration for the Mazz trademark on February 28, 2017 (Registration No. 5148809), and applied for registration of the Mazz service mark on June 13, 2018 (Serial No. 87961188). Throughout the registration process, Plaintiff continued his use and exploitation of mark, as he has done continuously for the past 40 years. A sampling of Plaintiff's musical albums using the Mazz trademark is attached hereto as **Exhibit A**; *see also* the Declaration of Joe Lopez attached hereto as **Exhibit B** at ¶ 2.

5. In or around May 2019, Plaintiff noticed that his trademark was considered "dead" or "abandoned" per the United States Patent and Trademark Office's (USPTO) Trademark Electronic Search System (TESS). *Id*. at ¶ 4. His manager, Sandra Vallejo, was later contacted by someone with the USPTO who confirmed that registration of the trademark was challenged by a competing person, "Anna Gonzalez" (Defendant). *Id*.

6. Apparently, Defendant filed a petition with the Trademark Trial and Appeal Board contesting Plaintiff's ownership of the trademark. However, neither Plaintiff nor Ms. Vallejo ever received notice of this challenge to the registration or a threat of cancellation. *Id.* at ¶ 5. Thus, Plaintiff did not receive an opportunity to respond to Defendant's contest of his registration. *Id.* Default judgment was entered against Plaintiff on April 16, 2019, and his registrations were subsequently cancelled (Cancellation No. 92070319).

7.     Plaintiff was denied his right to due process and unfairly deprived of his right to respond to Defendant's challenge of his mark. Thus, on May 21, 2019, he filed a petition to the Director of the USPTO requesting that the default judgment be set aside. *Id.* Since this related to a "dispositive matter," the petition was denied. However, it was forwarded to an interlocutory attorney for consideration as a request for relief from entry of a default judgment. To date, the interlocutory attorney has not rendered an opinion, and the matter remains pending.

8.     Defendant filed a competing trademark registration for Jimmy Gonzalez Y Grupo Mazz (Serial No. 86785685) (the "Infringing Mark") in Class 9 and Class 41. The application was published for opposition in the <u>Official Gazette</u> on June 18, 2019, and Plaintiff timely filed Notice of Opposition on June 19, 2019.

9.     On July 29, 2019, Defendant filed a Motion to Dismiss Plaintiff's opposition based on claim preclusion—stemming from the unjust and unconstitutional cancellation of the Mazz trademark. Because the Motion relied on matters outside of the pleading, the Trademark Trial and Appeal Board converted it to a Motion for Summary Judgment. Plaintiff timely filed a response to the Motion to Dismiss, which to date remains pending.

10.     Due to Plaintiff's prior and superior use of the name and mark, and Defendant's aggressive posturing, efforts to strip Plaintiff of his long-held intellectual property rights, and attempts to claim ownership in a mark to which she has absolutely no rights, Plaintiff is forced to commence this action and protect his valuable, famous, and well-known trademark. Mazz.

11.     The Mazz name and mark clearly satisfies all requirements that qualify it as famous and distinctive, considering: 1) the duration, extent, and geographical reach of the publicity of the mark; and 2) the amount, volume, and geographic extent of the services offered under the mark.

## II. <u>PARTIES</u>

12.     Plaintiff, JOSÉ "JOE" M. LOPEZ D/B/A MAZZ, is an individual residing in Cameron County, Texas.

13.     On information and belief, Defendant, ANNA LISA GONZALEZ, is an individual residing in Cameron County, Texas.

## III. <u>JURISDICTION AND VENUE</u>

14.     This is a complaint for trademark infringement, trademark dilution, and unfair competition under the Trademark Act of 1964, 15 U.S.C. §§ 1051, et seq., as amended (the "Lanham Act"), for common law trademark infringement and unfair competition, and for trademark dilution under the laws of the State of Texas, per Tex. Bus. & Com. Code §§ 16.102-103.

15.     This Court has original subject jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

16.     This Court has personal jurisdiction over Defendant, as she resides and conducts business in the Southern District of Texas.

17.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391 in that Defendant is subject to personal jurisdiction in this judicial district, and this is the District in which events giving rise to the claims at issue occurred.

## IV. <u>STATEMENT OF FACTS</u>

18.     Defendant has no colorable interest or ownership rights in and to the name Mazz—including the name Jimmy Gonzalez y Grupo Mazz— which she is attempting to register. *See* Exhibit B at ¶ 6. She certainly has no claim that pre-dates Plaintiff's ownership and

long-standing use of the mark. She never was, and is not currently, a member of Mazz. *Id*. at ¶ 6. She had no role in creating or performing any of the sound recordings produced by Mazz. She has never participated in any of Mazz's live performances. *Id*.

19.     Further, Defendant has not shown she has any rights in and to the name derived from former band member, Jimmy Gonzalez. She has neither proved nor provided any evidence of her marriage to Mr. Gonzalez, or rights in intestate succession. Even if Defendant could prove such facts, which she cannot, Mr. Gonzalez himself had no proprietary or ownership rights in the name Mazz.

20.     It is important to note that Plaintiff actually owned the trademark for Mazz with no issue or contest for **two years**. When Plaintiff initially registered the Mazz trademark, Mr. Gonzalez was still alive. Yet, interestingly enough, Mr. Gonzalez did not protest or file any challenge to Plaintiff's claim of ownership. Further, only Plaintiff has ever paid royalty taxes received from royalties accrued under the Mazz name and mark—even during the time when Mr. Gonzalez was alive.

21.     Defendant filed a trademark and service mark application for live and musical performances under the Infringing Mark, Jimmy Gonzalez y Grupo Mazz. However, she has no real way of actually providing such services. Mr. Gonzalez is deceased and cannot provide any entertainment services. Defendant, as previously stated, has no affiliation with the band Mazz and has never performed or recorded with it. Thus, it is clear that Defendant is attempting to benefit from the death of Mr. Gonzalez and simultaneously strip Plaintiff of the benefits of his life's work.

22.     Unfortunately, Plaintiff's success as a musician and songwriter attracts opportunists seeking to take advantage of Mazz's popularity and name recognition. In this case,

5

Defendant is actively exploiting Plaintiff's name and reputation for her own financial gain. Plaintiff's and Defendant's use of the name and mark "Mazz" in analogous in the following respects:

| | **Applicant**<br>**(Anna Lisa Gonzalez- Δ)** | **Petitioner**<br>**(Joe Lopez- Π)** |
|---|---|---|
| **Trademark** | Jimmy Gonzalez Y Grupo Mazz | Mazz |
| **Type of Mark** | Trademark and Service Mark | Trademark and Service Mark |
| **Services** | Entertainment rendered by a musical group, namely, entertainment in the nature of live visual and audio performances by a musical group; Providing an Internet website for entertainment purposes in the field of music; entertainment services, namely, live, televised and move appearances by a musical group | Entertainment services in the nature of live musical performances; Entertainment services in the nature of presenting live musical performances; Entertainment, namely, live performances by a musical band |
| **Goods** | Musical sound recordings; pre-recorded CDs, video tapes, laser disks and DVDs featuring music; downloadable audio and video recordings featuring music | Compact discs featuring music; digital music downloadable from the Internet |
| **Purchasers/Costumers** | Tejano music fans | Tejano music fans |
| **Location** | Physical location in Brownsville, Texas; national and international reach via online presence | Physical location in Brownsville, Texas; national and international reach via online presence |
| **Advertising Media** | Website; social media | Website; social media |

23.     Defendant's competing use of Plaintiff's name and mark interferes with Plaintiff's ability to use and exploit his own intellectual property, which has been in use since 1978. Particularly, since these competing marks are both used in the small, niche Tejano music market,

Defendant's mark creates confusion in the marketplace. Fans, record companies, and contemporaries in the market have all expressed belief that the groups performing under the mark are related or interconnected in some way.

24.     Defendant's competing use of Plaintiff's name and mark causes significant, ongoing financial and reputational damage to Plaintiff, as the parties are now in direct competition for live and online or digital performances and product production. It hinders Plaintiff's ability to contract with vendors, venues, and record or recording companies, who require clear ownership of the mark for their business endeavors. In addition, it dilutes the value of Plaintiff's pre-existing sound recordings and products, as it creates a cloud of uncertainty over the quality and origin of the same.

## V. CAUSES OF ACTION

### A. FIRST CLAIM FOR RELIEF
### (Trademark Infringement- 15 U.S.C. § 1114)

25.     Plaintiff hereby realleges and restates the allegations set forth in Paragraphs 1 through 24, *supra*, as though fully set forth herein.

26.     Plaintiff uses the name and mark Mazz in all aspects of performing, producing, managing, and marketing his business and activities throughout Texas, nationally and internationally, and online.

27.     Plaintiff's name and mark and the goodwill associated with it throughout Texas, nationally and internationally, and online are of great and significant value, are highly distinctive and arbitrary, and have become associated in the public mind with Plaintiff's musical performances, sound recordings, and compositions.

28.     Defendant had and has actual and constructive knowledge of Plaintiff's ownership and rights in his name and mark prior to her infringing use of the mark "Mazz" and her attempt to register a substantially similar mark with the USPTO.

29.     Nevertheless, Defendant adopted and continues to use Plaintiff's name and mark, or a name and mark confusingly similar thereto, in commerce—despite full knowledge of Plaintiff's superior rights. Defendant has actual knowledge that her infringing use of Plaintiff's name and mark causes confusion, mistake, and deception in the marketplace.

30.     In fact, Defendant intended to cause such confusion, mistake, and deception in an attempt to ride the coattails and capitalize on Plaintiff's success and recognition in the Tejano music market throughout Texas, nationally and internationally, and online. Defendant offers goods and services under the infringing market in the same channel of trade as those in which Plaintiff's legitimate goods and services are offered.

31.     Defendant's infringing use of Plaintiff's mark in connection with musical performances and sound recordings, specifically in the Tejano music industry, is likely to cause, and has caused, confusion, mistake, and deception as to Defendant's affiliation, connection, or association with Plaintiff, in violation of 15 U.S.C. § 1114.

32.     Defendant's actions constitute knowing, deliberate, and willful infringement of Plaintiff's name and mark. The knowing and intentional nature of the acts set forth herein render this an exceptional case under 15 U.S.C. § 1117(a).

33.     As a result of Defendant's infringement, Plaintiff has suffered substantial damages, as well as the ongoing and continuing loss of goodwill and reputation established in Plaintiff's name and mark in Texas, nationally and internationally, and online. This ongoing and continuing loss of goodwill cannot be properly calculated and, thus, constitutes irreparable harm

8

and injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer from such harm unless and until the Court enjoins Defendant's conduct.

## B. SECOND CLAIM FOR RELIEF
### (False Designation of Origin- 15 U.S.C. § 1125(a))

34.     Plaintiff hereby realleges and restates the allegations set forth in Paragraphs 1 through 33, *supra*, as though fully set forth herein.

35.     Plaintiff has an established reputation throughout Texas, nationally and internationally, and online, as a Tejano musician and performer. Defendant willfully and deliberately attempted to capitalize on the long-standing and hard-earned goodwill in Plaintiff's name and mark by passing off her products and merchandise, including albums and sound recordings, as those of Plaintiff's or otherwise affiliated with Plaintiff.

36.     Defendant's unauthorized and intentionally tortious conduct was intended to and does create confusion among consumers and influences public perception of Plaintiff's services and merchandise—as well as the history of the mark in the Tejano music industry. Her wrongful actions deprive Plaintiff of the ability to control consumer perceptions of his musical catalog and offerings, as the Mazz reputation is now entangled with that of Defendant's and her (presumed) deceased husband.

37.     Defendant's intentional conduct causes confusion, mistake, or deception as to association of the origin and her affiliation or connection with Plaintiff's name and mark. This is a violation of the Lanham Act, 15 U.S.C. § 1117(a).

38.     Defendant's intentional actions constitute knowing, deliberate, and willful infringement of Plaintiff's mark. The knowing and intentional nature of the acts set forth herein render this an exceptional case under 15 U.S.C. § 1117(a).

39.     As a result of Defendant's infringement, Plaintiff has suffered substantial damages, as well as the ongoing and continuing loss of goodwill and reputation established in Plaintiff's name and mark in Texas, nationally and internationally, and online. This ongoing and continuing loss of goodwill cannot be properly calculated and, thus, constitutes irreparable harm and injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer from such harm unless and until the Court enjoins Defendant's conduct.

## C. THIRD CLAIM FOR RELIEF
### (False Designation of Origin- 15 U.S.C. § 1125(a))

40.     Plaintiff hereby realleges and restates the allegations set forth in Paragraphs 1 through 39, *supra*, as though fully set forth herein.

41.     Plaintiff's name and mark is famous and distinctive and is entitled to protection against dilution by blurring or tarnishment.

42.     Defendant commenced use of the Mazz name in commerce after Plaintiff's name and mark became famous and distinctive.

43.     Through her intentional, unauthorized use of Plaintiff's name in connection with Tejano music performances, both live and digital, sound recordings, and merchandise, throughout the State of Texas and online, Defendant intended to and did deceive consumers as to the nature, quality, and origin of her goods and services.

44.     In addition, Defendant injured and continues to injure Plaintiff's business reputation, and has tarnished the distinctive quality of Plaintiff's famous name. Defendant has lessened the capacity of Plaintiff's name to identify and distinguish Plaintiff's services, including both live and digital performances, and sound recordings, in violation of 15 U.S.C. § 1125(c).

45.     As a result of Defendant's infringement, Plaintiff has suffered substantial damages, as well as the ongoing and continuing loss of goodwill and reputation established in

Plaintiff's name and mark in Texas, nationally and internationally, and online. This ongoing and continuing loss of goodwill cannot be properly calculated and, thus, constitutes irreparable harm and injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer from such harm unless and until the Court enjoins Defendant's conduct.

## D. <u>FOURTH CLAIM FOR RELIEF</u>
### (Common Law Trademark Infringement)

46.     Plaintiff hereby realleges and restates the allegations set forth in Paragraphs 1 through 45, *supra*, as though fully set forth herein.

47.     Plaintiff worked hard and invested a significant amount of time, talent, energy, and finances in order to create valuable good will in the subject name and mark—Mazz. Due to Plaintiff's efforts, Mazz is widely recognized as one of the premier Tejano musical acts in the world.

48.     Defendant's unauthorized use of Plaintiff's name permits Defendant to capitalize on Plaintiff's success and popularity in the musical industry in general, and the more niche Tejano music industry, specifically. Defendant's wrongful actions have caused, and continue to cause, confusion as to the origin or sponsorship of her services and goods—including live performances and sound recordings and albums. Defendant has been unjustly enriched by her actions, which harm Plaintiff.

49.     Defendant's acts constitute willful infringement of Plaintiff's exclusive rights in the Mazz name and mark, in violation of Texas common law.

50.     As a result of Defendant's infringement, Plaintiff has suffered substantial damages, as well as the ongoing and continuing loss of goodwill and reputation established in Plaintiff's name and mark in Texas, nationally and internationally, and online. This ongoing and continuing loss of goodwill cannot be properly calculated and, thus, constitutes irreparable harm

and injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer from such harm unless and until the Court enjoins Defendant's conduct.

## E. <u>FIFTH CLAIM FOR RELIEF</u>
### (Common Law Unfair Competition)

51.     Plaintiff hereby realleges and restates the allegations set forth in Paragraphs 1 through 50, *supra*, as though fully set forth herein.

52.     Defendant has willfully and deliberately attempted to capitalize on Plaintiff's good will and reputation with respect to the services and goods—including live performances and sound recordings and albums—she provides in the larger music industry, and specifically in the Tejano music industry. In addition, Defendant has sought to create, and has created, confusion in the marketplace by publicizing and endorsing performances of various Tejano performers under the Mazz name and banner, which have absolutely no affiliation or relation to Plaintiff's long-standing and pre-existing group, Mazz.

53.     Defendant's actions falsely suggest a connection between these "imposter groups" and Plaintiff. She has misled, and continues to mislead, the consuming public as to the source, origin, sponsorship, or approval of her performances, business, services, and goods. Defendant has committed unfair competition in violation of Texas common law.

54.     As a result of Defendant's infringement, Plaintiff has suffered substantial damages, as well as the ongoing and continuing loss of goodwill and reputation established in Plaintiff's name and mark in Texas, nationally and internationally, and online. This ongoing and continuing loss of goodwill cannot be properly calculated and, thus, constitutes irreparable harm and injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer from such harm unless and until the Court enjoins Defendant's conduct.

**F. SIXTH CLAIM FOR RELIEF**
**(Dilution under Texas State Law- Tex. Bus. & Com. Code § 16.103)**

55.     Plaintiff hereby realleges and restates the allegations set forth in Paragraphs 1 through 54, *supra*, as though fully set forth herein.

56.     The Mazz name and mark is famous and distinctive in and throughout Texas within the meaning of Tex. Bus. & Com. Code § 16.103, and is entitled to protection from dilution. In addition, Plaintiff has a considerable, distinctive, and long-running national, international, and online presence that gives him his distinction from other Tejano groups throughout the State of Texas and, indeed, the world.

57.     Defendant has no pre-existing claim to the mark. Defendant commenced use of Plaintiff's name and mark after the name and mark became famous and distinctive.

58.     Defendant's infringement of Plaintiff's name and mark dilutes the distinctive quality of the name and mark. Defendant's infringement was done with the willful intent to trade on Plaintiff's history, goodwill, and reputation and to cause dilution of Plaintiff's name and mark. Defendant's aforesaid acts are in knowing and willful violation of Plaintiff's rights under Chapter 16 of the Texas Business & Commerce Code.

59.     As a result of Defendant's infringement, Plaintiff has suffered substantial damages, as well as the ongoing and continuing loss of goodwill and reputation established in Plaintiff's name and mark in Texas, nationally and internationally, and online. This ongoing and continuing loss of goodwill cannot be properly calculated and, thus, constitutes irreparable harm and injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer from such harm unless and until the Court enjoins Defendant's conduct.

**VI. DEMAND FOR JURY TRIAL**

60.     Plaintiff hereby demands a trial by jury

13

# **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, José "Joe" M. Lopez d/b/a Mazz, respectfully requests judgment in his favor, and against Defendant, Anna Lisa Gonzalez, on all of the above causes of action as follows:

1. That this Court preliminarily and permanently enjoin Defendant, her officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them:

    a. From using in any manner the Mazz name or mark, or any other name or mark that is confusingly similar to the Mazz name or mark, including but not limited to the Infringing Mark, Jimmy Gonzalez y Grupo Mazz, that is likely to cause confusion, deception, or mistake in the marketplace;

    b. From committing any acts calculated to cause consumers to believe that Defendant's services, products, merchandise, performances, or sound recordings are provided, offered, or sold under the control or supervision of Plaintiff, or are sponsored by, approved by, connected with, or guaranteed by Plaintiff;

    c. From further diluting and infringing the Mazz name and mark and damaging Plaintiff's reputation and goodwill;

    d. From otherwise unfairly competing with Plaintiff in any manner; and

    e. From conspiring with, aiding, assisting, or abetting any other person or business entity in engaging or performing any of the activities referred to above;

2. That this Court enter a judgment finding that Defendant has infringed upon, and willfully infringed upon, the Mazz name and mark;

3. That this Court enter a judgment finding that Defendant has diluted, and willfully diluted, the Mazz name and mark;

4. That this Court enter a judgment finding that Defendant's use of the Infringing Mark has caused and/or is likely to cause confusion among the general purchasing public as to the source or origin of the Infringing Service or Merchandise;

5. That this Court enter a judgment finding that Defendant's use of the Infringing Mark has caused and/or is likely to cause initial interest and post-sale confusion among the general purchasing public as to the source or origin of the Infringing Service or Merchandise;

14

6. That this Court enter a judgment that the use or proposed use of Defendant's Infringing Mark (Jimmy Gonzalez y Grupo Mazz; serial no. 86785685) causes confusion or is likely to cause confusion with the Mazz name and mark, dilutes the distinctive quality of the Mazz name and mark, and is likely to cause dilution of the distinctive quality of the Mazz name and mark;

7. That this Court order withdrawal and abandonment of Defendant's attempts to register the Infringing Mark (Jimmy Gonzalez y Grupo Mazz; serial no. 86785685) with the United States Patent and Trademark Office;

8. That this Court certify the above orders to the Director of the United States Patent and Trademark Office so the Director may make an appropriate entry upon the records of the United States Patent and Trademark Office pursuant to the Lanham Act, 15 U.S.C. § 1119;

9. That this Court order Defendant to deliver up for destruction, or show proof of destruction of: any and all products, sound recordings, records or albums, advertisements, apparel, posters or advertisements, and written and digital publications, including postings on social media, that depict, advertise, or otherwise reference the names and marks covered by this Court's judgment;

10. That this Court order Defendant to file with the Court and to serve upon Plaintiff a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with any injunction resulting from this matter within thirty (30) days after service of such injunction;

11. That this Court award Plaintiff such damages, compensatory and otherwise, as the proof may show; and

12. That this Court award Plaintiff reasonable and necessary attorneys' fees and costs incurred in connection with this action.

Plaintiff seeks such other and further relief to which he may prove himself justly entitled.

Respectfully submitted.

SHOWALTER LAW FIRM

By: __ /s/ David W. Showalter_____
        David W. Showalter
        TBA # 18306500
        S.D. I.D. 5703

1117 FM 359, Suite 200
Richmond, Texas 77406
(281) 341-5577
(281) 762-6872 (FAX)

ATTORNEY FOR JOSÉ "JOE" M. LOPEZ
D/B/A MAZZ

16